UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROJELIO RAMOS,** | Civil Action No. |
| Plaintiff, | |
| v., | |
| **LVNV FUNDING, LLC,** &<br>**FALONI & ASSOCIATES, LLC,**<br>a/k/a **FALONI LAW GROUP, LLC**, | **PLAINTIFF REQUESTS A<br>JURY TRIAL** |
| Defendants. | |

## Amended Complaint

Rojelio Ramos files this complaint under the Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.3 *et seq.,* against debt collectors who demanded payment from him of a debt he did not owe, and avers:

 1. Rojelio Ramos is a citizen of the Commonwealth of Pennsylvania residing at 1033 W. Russell Street, Phila., PA 19140.

 2. Law Offices of Faloni & Associates, LLC, a/k/a Faloni Law Group, LLP ("Faloni") is a law firm with a principal place of business at 165 Passaic Ave., Suite 301B, Fairfield NJ 07004.

 3. Faloni is a debt collector within the definition of FDCPA and FCEUA. Exhibit P-1. Faloni uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. Faloni

also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4. LVNV Funding, LLC ("LVNV"), is a business entity with a principal address at 625 Pilot Road, Suite 3, Las Vegas NV 89119.

5. LVNV is a debt buyer; LVNV purports to purchase defaulted debts for the purpose of collecting them. Exhibit P-2.

6. LVNV is a debt collector within the definition of the FDCPA and the FCEUA. LVNV uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. For purposes of the FCEUA, LVNV would also qualify as a creditor.

7. LVNV files tens of thousands of collection suits annually in an effort to collect debts it claims to have acquired.

8. Federal jurisdiction over this complaint arises under 15 U.S.C. § 1692k(d) ("FDCPA"). Venue is appropriate in the Eastern District of Pennsylvania where the plaintiff resides and the acts alleged in the complaint occurred.

## Factual Allegations

9. Mr. Ramos never borrowed money from or did business with LVNV.

10. LVNV nevertheless claimed that Mr. Ramos owed it money based on a debt that LVNV claimed to have acquired by a chain of assignments.

11. In reality, LVNV was not an assignee of a debt, and its representations were false.

12. LVNV and Faloni dunned, called, and sued Mr. Ramos for collection of the debt, falsely claiming that LVNV was the assignee of a debt that in actuality it did not own.

13. LVNV issued debt collection communications to Mr. Ramos directly or indirectly through various debt collectors it hired such as Faloni.

14. On or about December 22, 2017, LVNV filed a complaint against Mr. Ramos for the debt in Philadelphia Municipal Court captioned, *LVNV Funding LLC v. Rojelio Ramos*, No. SC-17-12-22-5793.  Exhibit P-3.

15. Faloni filed the complaint for LVNV and represented LVNV throughout the proceeding.

16. In the complaint, LVNV and Faloni falsely claimed to be an assignee of a debt on which Mr. Ramos was obligated.

17. Mr. Ramos denied owing the debt and hired counsel to defend the lawsuit.

18. The case came to trial on or about April 27, 2018.  The only issue was whether LVNV was an assignee of the alleged debt.

19. LVNV was not able to establish that it was an assignee of the debt and the court entered a judgment for Mr. Ramos.  Exhibit P-4.

20. LVNV and Faloni caused Mr. Ramos to suffer damages, including the emotional distress of being dunned, threatened for payment, sued, and the expense of hiring counsel.

21. Mr. Ramos was frightened by being sued and frightened by the possibility of a judgment being entered against him which would allow LVNV to garnish his bank account or seize his personal possessions.

## Count I

22. This count is against LVNV for violating the FDCPA and FCEUA. All of the preceding paragraphs are incorporated by reference.

23. LVNV used unfair and unconscionable means to attempt debt collection against Mr. Ramos in violation of the FCEUA and 15 U.S.C. § 1692f, including:

(a). Demanding payment from Mr. Ramos of a debt he did not owe;

(b). Suing Mr. Ramos for a debt he did not owe.

24. LVNV used false, deceptive, and misleading representations or means in connection with its attempt to collect a debt from Mr. Ramos in violation of the FCEUA and 15 U.S.C. § 1692e, including:

(a). Misrepresenting to Mr. Ramos that he was indebted to LVNV when he was not; defendant made these misrepresentations before and after filing suit.

(b).   Falsely representing to Mr. Ramos that LVNV was an assignee of a debt for which Mr. Ramos was alleged to be liable.

## Count II

25.   This count is against Faloni for violation of the FDCPA. All of the preceding paragraphs are incorporated by reference.

26.   Faloni used unfair and unconscionable means to attempt debt collection against Mr. Ramos in violation of 15 U.S.C. § 1692f, including:

(a).   Demanding payment from Mr. Ramos of a debt he did not owe;

(b).   Suing Mr. Ramos for a debt he did not owe.

27.   Faloni used false, deceptive, and misleading representations or means of debt collection against Mr. Ramos in violation of 15 U.S.C. § 1692e, including:

(a).   Misrepresenting to Mr. Ramos that he was indebted to LVNV when he was not; defendant made these representation before and after filing suit; and

(b).   Falsely representing to Mr. Ramos that LVNV was an assignee of a debt for which Mr. Ramos was alleged to be liable.

28.   As a direct and proximate result of these actions, Mr. Ramos suffered damages including but not limited to the emotional distress of being dunned for collection, sued, threatened with garnishment suit, and the expense of

having to defend against it. The stress caused Mr. Ramos to lose sleep, have digestive problems, and interfered with his ability to concentrate and enjoy life.

WHEREFORE, Mr. Ramos requests relief as follows:

(a). Award him actual and statutory damages;

(b). Attorney's fees and costs, and

(c). Any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com